**Appellate Department, Superior Court, San Bernardino**

[Civ. A. No. 24. Nov. 2, 1955.]

GERALD RAY CHAFFIN, Appellant, v. WALLACE FINANCE COMPANY (a Partnership) et al., Respondents.

Hector J. Rosso for Appellant.

Stephen Bedford for Respondents.

HILLIARD, J.—On May 2, 1953, appellant, a minor over the age of 18 years, and one Bob J. Lee, an adult, purchased a 1950 Mercury automobile under conditional sales contract from one C. E. Bradley. The automobile was delivered to appellant, and thereafter Bradley sold the contract to respondents. Appellant paid one monthly installment upon the contract, but prior to the due date of the second installment contacted respondents, advising he was going in the military service, and requested respondents to sell the car for him. Respondents' manager, Traxler, agreed to attempt to sell the automobile, but recommended that the vehicle be first painted and repaired. Appellant agreed to this procedure and delivered the automobile to respondents for such purpose.

Upon the due date of the second installment, appellant contacted Traxler and a heated argument ensued over the costs of painting and repairs. Appellant demanded possession of the automobile and tendered the installment payment then due. Respondent refused this demand, but offered to return the car upon reimbursement of the cost of painting and repairs, together with the amount of installment due. This offer was rejected by appellant.

It is appellant's contention that, as a minor over 18 years of age, his purported delegation of power to respondents to paint, repair and sell the automobile was prohibited by Civil Code, section 33, and, therefore, void. Respondent asserts that the transaction was within the definition of contracts by minors governed by Civil Code, section 35, which provides:

". . . and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent."

If considered as a contract for repair, painting and sale of the car rather than a delegation of power, it must be conceded that appellant did not effectively disaffirm the contract since he made no effort to restore the consideration or its equivalent to respondents.

The only question then to be determined is whether the transaction was a delegation of power by appellant to respondent. Any attempt upon the part of appellant to appoint Traxler as his agent for contractual purposes would, of course, fall within the prohibition of Civil Code, section 33, and be a void act.

██ A settled and engrossed statement of facts was filed pursuant to rule 7 of Rules on Appeal from Municipal Courts in Civil Cases. Such statement fails to disclose with particularity the testimony or other evidence of the transaction between appellant and Traxler. It sets forth that appellant "took the automobile to Mr. Traxler" and "requested Traxler to sell the car for him"; that "Traxler recommended" painting and repairing the car; and that "the car was left with Traxler to be painted, repaired and sold."

Findings of Fact and Conclusions of Law were adopted by the trial court, and constitute a portion of the record on appeal. Such findings, however, are limited to a determination that appellant was in default under the conditional sales contract, and by reason thereof, respondents were lawfully entitled to possession of the automobile.

We are not able to determine from the record whether Traxler, acting on behalf of respondents, was to do the painting and repairing himself, or to act as appellant's agent in having the work done by other persons. The settled statement does not meet the requirements of rule 7 and leaves this court to speculate and conjecture as to the evidence, if any, upon the precise point raised by appellant.

Under familiar and well settled principles of appellate practice, we must presume that the judgment of the trial court is correct, and is supported by the evidence. All intendments and presumptions are indulged to support it on matters as to which the record is silent. (*Walling* v. *Kimball,* 17 Cal.2d 364 [110 P.2d 58].)

Judgment is affirmed.

Coughlin, P. J., and Mitchell, J., concurred.